UNITED STATES of America, Appellee

v.

Yahya Ali ZAITAR, Also Known as Abu Rabih, Also Known as Yehya Ali Daoud Zeiter, Appellant.

Nos. 15–3011, 15–3012.

United States Court of Appeals, District of Columbia Circuit.

Dec. 22, 2015.

Kirby Ann Heller, Meredith Anne Mills, Esq., Elizabeth Trosman, Esq., USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Edward Charles Sussman, Law Office of Edward Sussman, Washington, DC, for Defendant–Appellant.

Before: GARLAND, Chief Judge, MILLETT, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal from the order of the United States District Court for the District of Columbia was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellant Yahya Ali Zaitar seeks reversal of the District Court's order denying his application to withdraw his guilty plea. Zaitar contends that his plea was involuntary because his attorneys promised him a below-Guidelines sentence, which he did not ultimately receive.

The District Court correctly rejected Zaitar's claim of ineffective assistance of counsel. The Supreme Court has held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of

counsel." *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To satisfy this test, the defendant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even assuming *arguendo* that there was any deficiency in counsel's performance, Zaitar has not satisfied *Strickland's* prejudice requirement because he has not shown "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. 366. Any notion entertained by Zaitar that a particular sentence or sentencing range was guaranteed "should have evaporated during the rule 11 colloquy." *United States v. Farley,* 72 F.3d 158, 165 (D.C.Cir.1995). At the colloquy, the District Court confirmed that Zaitar had not received any promises, explained that the court was not bound by the parties' stipulated Guidelines range, and warned Zaitar that he could not withdraw his guilty plea if the sentence "turns out to be more harsh than you hope." Supplemental Appendix 44. In addition, given the charges that Zaitar would have faced had he gone to trial, and his counsel's judgment (undisputed here) that his defense was "awful," Joint Appendix 112, trial likely would have led to a sentence longer, and perhaps considerably longer, than the one Zaitar ultimately received. Under these circumstances, we conclude that Zaitar has failed to make the required showing of prejudice. See *In re Sealed Case,* 488 F.3d 1011, 1016–19 (D.C.Cir.2007); *United States v. Hanson,* 339 F.3d 983, 990–92 (D.C.Cir. 2003).

Pursuant to Rule 36 of this court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See FED. R.APP. P. 41(b); D.C. CIR. R. 41.